## PALISTER vs. LITTLE.

In *scire facias* against the indorser of a writ, the sheriff's return that he could find no property of the original defendant *within his precinct*, is not conclusive evidence of his inability to pay.

Where the defendant, in a *scire facias* against the indorser of a writ, pleaded that the original judgment debtor was of sufficient ability, and had sufficient real estate within this State to satisfy the execution ; to which the plaintiff replied by setting forth the issuing of execution, and the sheriff's return thereon that he could find no property within his precinct ; the replication was held bad.

In this case, which was *scire facias* against the indorser of a writ, the question turned upon the point presented in the fourth set of pleadings. The plaintiff, in his writ, set forth in the usual manner the recovery of a judgment in his favor, for costs, against the *Pejepscot* proprietors, in a case in which the defendant had indorsed the origina lwrit ; and alleged the suing out of execution, with the sheriff's return thereon in these words :—" *Cumberland, ss. Nov.* 3, 1823. Pursuant to the within precept to me directed I have made diligent search for the property of the *Pejepscot* proprietors, sufficient to satisfy this execution, but could find none. I have also demanded of *Edward Little*, Esquire, the attorney of said proprietors, the property of said proprietors to satisfy the same, which said property he refused to deliver. I have also called on *Josiah Little*, Esquire, the proprietors' clerk, and demanded said property, which he also refused to deliver. I therefore return this execution in no part satisfied." It was further alleged that the judgment was still unsatisfied, and that the proprietors had neglected, and were wholly unable to pay the same.

The fourth plea of the defendant was that " said *Pejepscot* proprietors are of sufficient ability, and hold and possess sufficient real estate in this State to pay and satisfy said execution,"—and concluded to the country. To this the plaintiff replied by stating the issuing of execution on the judgment, its delivery to the officer and his return thereon at large, as in the writ, concluding with a verification. And the defendant hereupon demurred, because the plaintiff attemp-

ted in his replication to put in issue to the jury a question of law, viz. whether the defendant was not precluded, by the sheriff's return, from alleging that the proprietors were of sufficient ability, and held real estate in this State sufficient to satisfy the execution ; and because the replication was " in other respects" defective.

*Little, pro se,* argued in support of the demurrer.

*Fessenden* and *Deblois, e contra,* contended that the plaintiff, having shown a return of *non est inventus* on the execution, was entitled to judgment. The officer's return, they argued, was conclusive in this case, as in all others where he is not a party ; and by this return the inability of the proprietors, which is now confessed by the demurrer, is apparent. *Ruggles v. Ives,* 6 *Mass.* 494 ; *Bean v. Parker,* 17 *Mass.* 601 ; *Bott v. Burnell,* 9 *Mass.* 96 ; *Estabrook v. Hapgood,* 10 *Mass.* 313 ; *Slayton v. Chester,* 4 *Mass.* 478 ; *Purington v. Loring,* 7 *Mass.* 392 ; 6 *Com. Dig.* 242 *Retorn.*

MELLEN C. J. delivered the opinion of the Court.

In the decision of this cause we found our opinion altogether upon the fourth set of pleadings, ending in a general demurrer ; and accordingly shall take no notice of the others. In the writ, the plaintiff, after setting forth the judgment against the *Pejepscot* proprietors, the issuing of the execution, and delivery of it to the officer for service, and his return thereon *in hæc verba,* stating that he had made diligent search for the property of the proprietors sufficient to satisfy the execution, but could find none ; and that he had also demanded of the defendant, and also of the clerk of said proprietors their property ; he concludes his averments by alleging that they are wholly unable to pay the amount of said judgment. In the plea under consideration, the defendant says that the proprietors are of sufficient ability, and hold and possess sufficient real estate in this State to pay and satisfy the judgment and execution ; and tenders an issue to the country. To this plea the plaintiff replies by a restatement of the judgment, execution and the return thereon in the same manner as in the writ. To this replication there is a demurrer. Is this a good replication ? Does it traverse or avoid the plea ? It ought

certainly do one or the other. The plea expressly denies the allegation of inability contained in the declaration ; and also avers that the proprietors have sufficient estate in this State. If double, or improperly concluded, it should have been demurred to specially, for such cause. The only reply to this plea is the officer's return, which only alleges that he could not find any property sufficient to satisfy the execution. The legal import of this is, that he could not find such property in his precinct, that is, in this county. He had no official powers beyond the limits of his precinct. In terms, therefore, the replication does not confess and avoid the plea, nor traverse the facts stated in it. It is true the return cannot be contradicted ; but, though true, it does not disprove the plea ; for though no property of the proprietors could be found in this county, there was sufficient real estate belonging to them within the State. This is admitted by the replication, because it is not therein denied. These are all plain principles of pleading. 1 *Chit. Pl.* 549, 570, and cases there cited. In certain cases, a search for property, and a return of *nulla bona*, are sufficient to lay the foundation of an action. So a mere demand and refusal ; as for instance, a demand of a sum decreed to a creditor by the Judge of Probate. But a question of inability to pay, is a question of fact, which must be proved, in order to render the indorser of a writ liable. As to avoidance, it seems to be a term which, though used in the statute, is totally inapplicable to such a corporation as the *Pejepscot* proprietors. They cannot avoid, nor be arrested and committed. The success of this action must depend on the question of inability merely. According to *Ruggles v. Ives*, a return of *non est inventus* is conclusive evidence of avoidance ; but even an arrest and commitment is only *prima facie* proof of inability, which may be rebutted. In the present case there could not be a commitment of the proprietors ; and surely when the only proof of inability is, that none of their property could be found in this county, it never can be considered as conclusive evidence that they do not own sufficient property in some other part of the State.

But it is said that if the replication is bad, still the first fault is in the plea, because it does not allege in what part of the State the property of the proprietors is situated, and the nature of such property.

No case is cited in support of this objection, and we know of none. Had the plaintiff joined the issue tendered, the defendant, in support of his plea, must have proved those facts on the trial, or failed in his defence. We cannot perceive how, upon the correct principles of pleading, the replication can be adjudged good.

*Replication adjudged insufficient.*