# CASES

# SUPREME JUDICIAL COURT,

---

## HARKNESS *vs.* FARLEY.

In *scire facias* against the indorser of a writ, the return of a Constable on the execution which had issued for the costs, that he could find no property of the debtor *" within his precinct,"* is conclusive evidence only of *the facts stated* — but is not *sufficient* evidence of the *inability* contemplated by the statute.

*Parol* proof may be introduced by either party touching the question of *ability* or *inability*, not contradicting the officer's return.

THIS was *scire facias* against the defendant as indorser of an original writ in favor of one *Eliza Harkness* against the present plaintiff, on which judgment had been rendered in favor of the present plaintiff for costs. An execution had issued, and had been returned within three months in no part satisfied. A second execution soon after issued and was delivered to a Constable of the town of *Camden*, who returned thereupon as follows, *viz.* :—

" By virtue of this execution I have made diligent search for the property belonging to the within named *Eliza Harkness* and cannot find any within my precinct, and not having orders to commit the said *Eliza* I return this execution in no part satisfied."

It was agreed that the residence of *Eliza Harkness* had always been in *Camden* — and the principal questions were upon the conclusiveness or effect of the return of the officer as to her *inability* to pay the execution for costs — and as to the admissibility of *parol evidence* touching that question by either party.

The foregoing facts being agreed — as also the disposition of

the cause upon the result of certain contingencies, *Perham J.* in the C C. Pleas, directed a nonsuit. — whereupon the case was brought up to this Court by bill of exceptions.

*Thayer,* for the plaintiff, cited *Howe* v. *Codman,* 4 *Greenl.* 82; *Eaton* v. *Ogier,* 2 *Greenl.* 46.

*Farley, pro se,* cited, *Ruggles* v. *Ives,* 6 *Mass.* 495; 5 *Dane's Abr.* ch. 175, *art.* 9; *Palister* v. *Little,* 6 *Greenl.* 350.

MELLEN C. J. delivered the opinion of the Court.

The case of *Ruggles & al.* v. *Ives,* cited in the argument, was *scire facias* against the defendant as *indorser* of a writ : he pleaded, 1, that more than *one year* had elapsed after the rendition of judgment against *Hawkins* and *Canfield* for costs before suing out of the *scire facias*. 2. That no execution in favor of the plaintiffs had ever issued against said *Hawkins* and *Canfield,* and been returned unsatisfied. Both pleas were demurred to and adjudged bad. The ground of the decision was, that no execution had issued on the judgment; though the court added that there were some fatal defects in the declaration. As there had been no execution, and, of course, no return, the remarks made by the learned Chief Justice, by way of commentary on the statute respecting the indorsement of writs, and the legal consequences of such an indorsement, though entitled to the most respectful consideration, have no necessary connection with, or bearing upon the only point decided. The 8th section of our statute of 1821, *ch.* 59, provides that the indorser of a writ shall be liable in case of the *avoidance or inability* of the plaintiff to pay the defendant all such costs as he shall recover. The statute is silent as to the issuing or return of an execution for the costs recovered, or in what manner *avoidance* or *inability* shall be proved. The Chief Justice in his commentary on the statute says. " If *non est inventus* be returnèd, this return is *conclusive* evidence of the *avoidance ;* so if the return is that the *body* is taken and *committed in execution,* such return is *prima facie* evidence of the " (original)" plaintiff's inability ; to be controlled *only* by evidence that he *has satisfied* the execution. It must appear from the return that the principal has avoided, or that he is unable to pay

the costs, by suffering his body to be imprisoned for not paying them." So far as the above construction extends, we are not aware that it has undergone any revision in *Massachusetts.* A return of *non est inventus* is placed on the same ground as a similar return in an action on *scire facias* against bail, as to its conclusiveness. But a commitment of the body is only *prima facie* evidence of inability : still it is not easy to perceive the reason why such *prima facie* evidence cannot be controlled by any *other* evidence than that of *actual payment* and *satisfaction* of the execution. A man may permit himself to be committed to prison, when he has property abundantly sufficient to satisfy the execution ; and why should the execution creditor be bound by this conduct and refusal on the part of the principal to pay the costs, when he can shew that he has sufficient property for the purpose ? The statute speaks of *inability* to pay the costs; not an *unwillingness* to do it, or a determination not to do it. It will be observed, that the Chief Justice, in his observations on the statute, says nothing of the legal effect of a return by the officer holding the execution, that he has made diligent search and cannot find within his precinct any property of the execution debtor. Why should not such a return be as *conclusive* as to *property* of the debtor, as a return of *non est inventus* is as to the *body* of the debtor not being found within his precinct or county ? In the case before us, there is no return of *non est inventus :* the officer states that he had no orders to arrest the body. Whether he was justified in not committing the body, because he had no orders superadded to the mandate in the execution, is a question of no importance in this action against the defendant as indorser of the original writ in which she was plaintiff. But we need not dwell on this point. Avoidance *or* inability subjects the indorser to the statute liability : *both* need not concur. In the present case, was there *inability,* and is there legal proof of it from the officer's return, or if not, may it be derived from other sources ? these are the questions to be answered. In the present case, the officer states in his return, " I have made diligent search for the property belonging to the said *Eliza Harkness,* and cannot find any within my precinct." There can be no question that this return is *prima facie* evidence of her *inability* to pay the costs;

and when we consider the general principle of law, that the return of an officer, such as a sheriff, deputy sheriff, coroner, or constable, cannot be contested or traversed collaterally, but only in an action against him for a *false return*, we perceive no reason why the *conclusiveness* of the return of the officer, made in the case before us, should be questioned, as to the facts stated in the return. But this has reference only to the town of *Camden*, to the limits of which the official power of the officer was confined: as to that town, the return is *conclusive;* but still the execution debtor, *Eliza Harkness*, might have had, during the life of the execution, and may have now, property in some *other* parts of the State, sufficient to pay and satisfy the costs, of which the present plaintiff might or may avail himself, and if there is property so situated, we see no reason why that should not be resorted to. Suppose *Eliza Harkness*, at the time she commenced the original action, owned a farm in the town of *Camden*, and another in an adjoining town; and that as soon as judgment for costs was rendered against her, she sold and conveyed the farm in *Camden* to a *bona fide* purchaser. In such case the return of the officer would be correct: but ought the indorser to be held liable, when she still remains owner of the farm in the adjoining town? We think not. By the terms of the statute, the inability is not confined to the want of property in the town or county in which the original plaintiff resides. *An ability* to pay has no locality any more than *honesty:* though the statute may well be considered as having reference to property within the reach of the process of our courts, constituting this ability. The foregoing distinction has been recognised and established in the case of *Pallister* v. *Little*, 6 *Greenl.* 350, to which we particularly refer.

According to the agreement of the parties, the cause is to stand for trial conformably to the principles above stated.