# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF SOMERSET, JUNE TERM, 1838.

---

## JOSEPH HOLBROOK & al. vs. SAMUEL HOLBROOK.

In an action upon a written promise, to indemnify the plaintiff against all claim upon him by one to whom he had previously given a bond to convey the same land, which was conveyed by the plaintiff to the promisor at the time the promise was made; a judgment against the plaintiff in a suit on the bond, in which the present defendant appeared as the attorney of the then defendant and present plaintiff, and after having knowledge of the cause of action, had suffered a default to be entered, is legal evidence of the right to recover on the bond in the present action.

If two are jointly liable, a demand made upon, or notice given to one, is equally binding on both.

A deed of the land conveys any interest the grantor has therein by virtue of an actual possession thereof for more than five years, although another has the better title.

THE original action, of which this is a review, was by *Samuel Holbrook* against *Joseph Holbrook* and *Warren Preston*, on a written contract, which will be found in 2 *Fairfield*, 361, as will also a description of the bond referred to, with other facts then in the case. On the present trial, some additional facts appeared. When *Saul Holbrook* brought his action against *Samuel* on the bond, *Mr. Preston*, one of the defendants, was *Samuel's* attorney, and received the bond from the then plaintiff's attorney, read a part of it, and then suffered the defendant to be defaulted. On the present trial, the judgment in that case was offered in evidence by *Samuel*,

and objected to by the plaintiffs in review. *Weston C. J.* presiding at the trial, ruled that if the jury were satisfied that *Preston* appeared in the action brought by *Saul,* and was apprized of what it was founded upon, the judgment was *prima facie* evidence against him and *Joseph,* but that it might be shown in defence, that the judgment, or the bond on which it was rendered, was collusively and fraudulently obtained.

The land described in the bond had been many years under cultivation, and had passed by deed through several persons, who had successively occupied it, to *Samuel Holbrook,* but the fee of the land had been in the proprietors of the *Kennebec Purchase,* who conveyed the same to *Preston* in 1818. The instruction requested by the counsel, and that actually given by the Chief Justice, appear in the opinion of the Court, in considering the second point. The counsel for the plaintiffs in review then insisted, that the action was defeated by reason of the covenant in the deed of *Samuel* to *Preston,* against all incumbrances made by him. The jury were instructed on this point, that if the claim of *Saul* was an incumbrance within that covenant, yet that the instrument declared on, having been executed at the same time with the deed, was intended by the parties to have operation and effect, and not to be defeated by the deed ; and that the offset, set up to avoid circuity of action, could not prevail, inasmuch as the claim of *Saul* was not, and could not now be enforced as an incumbrance upon the land. The verdict for the original plaintiff was to be set aside, if either of the objections taken by the counsel for the plaintiffs in review ought to have been sustained.

*Wells* argued for the plaintiffs in review. On the first point, he cited *Twambley* v. *Henley,* 4 *Mass. R.* 441 ; and on the third, *Fairbanks* v. *Williamson,* 7 *Greenl.* 96.

*F. Allen* and *Tenney* argued for the original plaintiff. They cited on the first point, *Thacher* v. *Gammon,* 12 *Mass. R.* 268 ; 1 *Phil. Ev.* 241 ; 1 *Stark. Ev.* 191 ; 1 *Wheat.* 6 ; 7 *Cranch,* 271 ; 14 *Johns. R.* 81 ; 3 *East,* 316 ; 2 *N. H. Rep.* 190 ; 1 *Johns. R.* 517 ; *Hamilton* v. *Cutts,* 4 *Mass. R.* 349 ; 7 *Johns. R.* 171 ; *ib.* 173 ; 4 *Dallas,* 436 ; 6 *Johns. R.* 158 ; 3 *T. R.* 374 ; 5 *Wend.* 535 ; *Herring* v. *Polley,* 8 *Mass. R.* 113.

On the second point, they cited *Shaw* v. *Wise*, 1 *Fairf.* 113.

The opinion of the Court, after a continuance for advisement, was drawn up by

SHEPLEY J. — This is a review of the action reported, 2 *Fairf.* 361. The legal construction of the contract between the parties was finally settled in that case. It is not there decided, that upon legal principles, *Saul Holbrook* actually acquired any claim, right, or title in the premises by the bond from *Samuel Holbrook.*

That decision regards the contract as clearly intending to save *Samuel* harmless from that bond, although the language used in the contract, is that of a claim, right or title in the premises. And such a construction is made of the language as to carry into effect the intention of the parties, which intention to save *Samuel* harmless from the bond, the Court thought was clearly to be perceived from the situation of the parties, and the state of the facts then within their knowledge. This case presents no facts authorizing a different conclusion. And in the further examination, it is to be understood, that the contract of *Holbrook* and *Preston*, was a contract to save *Samuel Holbrook* harmless from his bond to *Saul Holbrook*, although *Saul* thereby acquired no claim, right or title in real estate by it.

Such being the contract, the first question made in this case is, whether the judgment recovered by *Saul* against *Samuel* on the bond can be evidence for *Samuel* in his suit against those, who have given him an indemnity against it.

That judgments under such circumstances are evidence for certain purposes, such as to prove the fact of damage, and in some cases the amount of damage, there can be no doubt. 1 *Stark. Ev.* 216.

Whether it was evidence to prove *Samuel's* title to recover, must depend upon, whether those contracting to indemnify him had such notice of the suit against him, that they could take upon themselves the defence of it by adducing testimony, cross-examining the witness, and entering an appeal. Where such notice is given the judgment binds the party, who engages to indemnify; and the party injured may offer it as evidence of his title to recover. *Marshall*

*C. J.*, speaking of warranty and indemnity, says, "in such a case a judgment against the party to be indemnified, if fairly obtained, especially if obtained on notice to the warrantor, is admissible in a suit against him on the contract of indemnity." *Clark's Executor* v. *Carrington*, 7 *Cranch*, 308.

In the case of *Kip* v. *Brigham*, 6 *Johns. R.* 158, where notice was given to the party liable to indemnify, and he assisted in the defence by his counsel, the judgment was held to be conclusive of the title to recover.

If the party is notified, so that he may appear, whether he does or not in fact appear and defend, it is sufficient to authorize the admission of the judgment against him upon the question of title. *Blasdale* v. *Babcock*, 1 *Johns. R.* 517.

No formal notice appears to have been given in this case to the parties liable to indemnify; but it appears that one of them, a counsellor of the Court, appeared for the defendant in that suit. The presiding Judge ruled, "that if the jury were satisfied, that *Preston* appeared in defence of the action brought by *Saul*, and was apprised of what it was founded upon, the judgment was *prima facie* evidence against him and *Joseph*."

It cannot be material to the person agreeing to indemnify, that he should have a formal notice served upon him. The law requires, that he should have notice before the judgment can be used against him, because he is the real party in interest. But any notice which will enable him to present any defence which he may have either in law, or on fact, is all that can be useful to him; and the law requires no vain or useless ceremonies in such cases. The ruling supposes, that he appeared in defence with a knowledge of what the action was founded upon, and of course with a knowledge, that he was a real party in interest, if he had agreed to indemnify against it. And knowing this, he had sufficient opportunity to defend. And where two are jointly liable, a demand made upon, or notice given to, one is sufficient.

The second point made, relates to the instructions given to the jury. The case states, that "the counsel for the plaintiffs in review contended thereupon, that in 1827, when the bond was given to *Saul*, the land belonged to *Preston*, and that therefore

*Saul* could derive from the bond given to him by *Samuel* no claim thereto; but I instructed the jury, that if *Samuel* received a conveyance from a party in possession and was in the actual seizin of the land, claiming it as his own, notwithstanding there might be an outstanding paramount title, *Saul* did acquire a claim in the premises in virtue of his bond." It is of importance to notice the real point of difference between the court and counsel. The counsel contended, that as *Preston* was the real owner of the land, *Saul* could derive no claim to it by his bond; or in other words, that if *Samuel* had performed, what the bond required of him by giving a deed to *Saul*, such deed would have conveyed nothing in the land, the title being in another. It was this position, which the Court was to meet; and the Judge, differing from the counsel, in substance says, a deed so made would have conveyed an interest in the land though the title was in another, because " *Samuel* received a conveyance from a party in possession and was in the actual seizin of the land, claiming it as his own." As the parties to this title and occupation were situated, our statute allows an interest in land to be thus conveyed; and there was no error in the conclusion of the Judge.

The case as drawn up makes the Judge say, that " *Saul* did acquire a claim in the premises in virtue of his bond," and it is now to be understood, that such language was addressed to the jury. But in looking at the subject matter under discussion at the time, and the point of difference; that expression, though erroneous, could have had no more influence upon the jury, than to negative the position taken by the counsel. And this it was proper that he should do. The jury were not led into any erroneous view of the rights of the parties by the instructions given; on the contrary, the true merits were really presented so as to enable them to find according to the rights of the parties.

The third point made at the trial relates to the effect of the deed from *Samuel Holbrook* to *Preston*, upon his contract of indemnity. And the instructions of the presiding Judge upon this point were clearly correct.

*Judgment on the verdict.*