ELIAS CRAIG, JR. & *al. versus* SAMUEL FESSENDEN & *al.*

The return by an officer on an execution for costs, that he has made diligent search for property of the debtor in the execution, and cannot find any within his precinct, is conclusive evidence, that the debtor had no property *within that precinct*, in *scire facias* against the indorser of a writ.

Proof either of avoidance or of inability, is sufficient to render the indorser liable.

SCIRE FACIAS against the defendants, as indorsers of a writ, in a suit which had been tried in this Court, and in which judgment had been rendered for costs for the defendants therein, who are the plaintiffs in this suit.

That judgment was rendered April Term, 1840; the execution issued April 27, 1840; and was put into the hands of a deputy sheriff for the county who returned thereon as follows. "Cumberland ss. Oct. 27th, 1840. I have made diligent search for property of the debtors within named, but could not find any in my precinct. I therefore return this execution in no part satisfied.

Jere. Martin, Deputy Sheriff."

The indorsement of the writ by the present defendants was shown. It was proved, that Gardner, one of the judgment debtors, now resides in Boston, and had resided there for the last three or four years, but the witness stated, that he had frequently seen him in Portland within that time. The defendants offered to show, that Gardner had owned thirty shares in the stock of the Canal Bank in Portland, unincumbered, for the last five years, and that the same had at all times been abundantly sufficient to pay the claim now in suit. The plaintiffs objected to the introduction of this testimony, but the

objection was overruled by Shepley J. then holding the Court, and the testimony was admitted. A nonsuit was then entered by consent, subject to the opinion of the Court. If the testimony was not admissible, or if on that, with the other evidence, the plaintiffs are not entitled to recover, the nonsuit was to stand ; but if the action can be maintained, the nonsuit was to be set aside, and a default entered.

*Howard & Osgood*, for the plaintiffs, contended, that the facts, appearing in the report, disclosed a good cause of action for the plaintiffs.

A return by an officer upon a precept, which he has authority to serve, is conclusive as to the facts returned, except in a suit against the officer for a false return. *Slayton* v. *Chester*, 4 Mass. R. 478; *Bott* v. *Burnell*, 9 Mass. R. 96; *Estabrook* v. *Hapgood*, 10 Mass. R. 313; *Winchell* v. *Stiles*, 15 Mass. R. 230; *Bean* v. *Parker*, 17 Mass. R. 591; *Stinson* v. *Snow*, 1 Fairf. 263 ; *Agry* v. *Betts*, 3 Fairf. 415.

This very question has been settled by repeated decisions. *Ruggles* v. *Ives*, 6 Mass. R. 494; *Palister* v. *Little*, 6 Greenl. 350; *Harkness* v. *Farley*, 2 Fairf. 491 ; *Chase* v. *Gilman*, 3 Shepl. 64.

The offer to prove that one of the debtors had property within the county of Cumberland was a direct contradiction of the officer's return. Indeed all evidence to show a want of diligence in the officer to ascertain the facts, is contradicting his return.

*A. Haines*, for the defendants.

1. *The return of the officer in this case is not conclusive nor sufficient evidence as to the inability of the original plaintiffs.*

It is not contended by the defendants that they are not bound by the return of the officer so far as that return extends: but as the statute regulating and providing for the liability of indorsers (Laws of Maine, c. 59, § 8,) confines itself to the cases in which the AVOIDANCE or INABILITY *of the original plaintiff is made to appear*, the defendants here contend, that

the return of the officer in this case is entirely insufficient to shew either the avoidance or inability of the original plaintiffs, so as to charge the defendants here as indorsers. The return of the officer states merely, *that having made diligent search, he was unable to find any property of the debtors in his precinct.* But is it to be presumed, contrary to the express provisions of the statute, that the original plaintiffs are unable to pay, merely because a deputy of a sheriff of a single county in the State returns that he is unable to discover any property of the original plaintiffs *within his precinct?* If the officer had stated in his return that the original plaintiffs had avoided, or if the execution bore the returns of the several sheriffs through the State that search had been made, and that the debtors had no property, or that the debtors had been committed to gaol, that would have been a different question.

But in this case, neither avoidance, nor inability is shown, for there is not a particle of evidence of the avoidance of either of the debtors, but on the contrary, the record, (execution,) shews the original plaintiffs all to be residents of Portland, and the return of the officer does not show any avoidance; and in fact they never have avoided.

2. The evidence offered to prove the ability of the original plaintiff, Gardner, was legally admissible, and properly admitted. *Palister* v. *Little,* 6 Greenl. 350. In the case just cited, Chief Justice MELLEN says, " *a question of inability to pay is a question of fact, which must be proved, in order to render the indorser of a writ liable,*" and he goes farther, and says, " *even an arrest and commitment is only prima facie proof of inability, which may be rebutted.*" *Harkness* v. *Farley,* 2 Fairf. 491.

3. The creditors should exhaust the remedy that the law gives them against the original plaintiffs, even to committing their bodies to imprisonment and thus test their inability to pay, before they can recover of the indorser. *Ruggles & al.* v. *Ives,* 6 Mass. R. 494.

*Craig v. Fessenden.*

The opinion of the Court was by

SHEPLEY J. — The statute c. 59, § 8, provides, that the indorser shall be liable in case of the avoidance or inability of the plaintiff to pay the defendant all such costs as he shall recover. It has been decided, that proof, either of avoidance or of inability, is sufficient. And that the return of an officer on the execution, that he has made diligent search for property and cannot find any within his precinct, is conclusive evidence, that the debtor in the execution had no property within that precinct; although such return affords no proof, that he had not sufficient property in other towns or counties. *Harkness* v. *Farley*, 2 Fairf. 491. The testimony in this case did not prove, that the debtors had any property in this State out of the county of Cumberland; and it was inadmissible to prove that they had property within that county. The defendants being precluded from showing that the debtors had property in the county of Cumberland are liable as indorsers.

*Nonsuit set aside and defendants defaulted.*