Barker *v.* Russell.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell*, Justices.]

----

## BARKER *vs.* RUSSELL and others.

Section 179 of the code of procedure allows an arrest, when the defendant has been guilty of a fraud in contracting the debt, for which the action is brought; and by section 183 the order for arrest may be made at any time before judgment. It is to be made when it appears on affidavit, that a sufficient cause of action exists, and that the case is one of those mentioned in section 179.

It would be a great innovation in pleading, to require the pleadings to show

---

Barker *v.* Russell.

---

that the plaintiff was entitled to arrest the defendant in an action on contract. It was not the practice to do so under the former law, when a nonresident could be arrested and taken on a *ca. sa.;* nor under the non-imprisonment act of 1831, where the defendant could only be imprisoned in actions on contract, when something like fraud was established.

The complaint is to state the facts constituting the cause of action. If the cause of action be a contract, the facts establishing the contract are all that are to be stated : not the facts which are to determine the extent of the remedy; especially, where the law has directed the latter class of facts to be established by affidavit, to the satisfaction of a judge, and not of the jury.

An execution may be issued against the person of a defendant who has been guilty of a fraud in contracting the debt on which the action was brought; although the summons in that action, be, in form, on contract, for money only, the complaint in contract only, not noticing the fraud on which the order for the arrest of the defendant was grounded; and the judgment in accordance with the complaint.(*a*)

In a suit against bail, in the supreme court, that court may grant relief to the bail, although the original action was in another court; and may allow a temporary stay of proceedings, to enable them to surrender their principal.

Bail are not estopped from such equitable relief, on account of any delay arising from a mistake of a new law, in a matter in which counsel and judges have differed.

THIS was an appeal brought by the plaintiff, upon an order made at a special term, granting a stay of proceedings, on the

(*a*) There are various and conflicting decisions, in the reports, on this point. In the case of *Squire* v. *Flynn*, (8 *Barb. S. C. Rep*, 169,) EDMONDS, Justice, on a motion, at the *New-York special term*, February, 1850, discharged the defendant, who was arrested on execution; saying, that, in a case like that before him, " a debtor can not be arrested unless he has fraudulently contracted the debt, and a judge's order has been obtained, and an undertaking has been given. The mere existence of the fact, that the debt has been fraudulently contracted, is not enough to warrant an arrest. That fact must be accompanied by a judge's order, and an undertaking. All three of these requisites must unite to justify an arrest." In the case of *Gridley* v. *McCumber*, (5 *Howard's Pract. Rep.* 414,) at the Jefferson special term, January, 1851, it was *held*, by Hubbard, justice, that a *personal execution* can not be based upon an order of arrest, *dehors* the judgment in the action. That the nature and office of an execution is not changed by the code of procedure; as formerly, it can only issue to *enforce the judgment*. And in the case of *Corwin* v. *Freeland and others*, (6 *Howard's Pract. Rep.* 241,) at the Tioga general term, May, 1851, before Mason, Monson and Shankland, justices, it was decided, that an

Barker *v.* Russell.

motion of the defendants, who were sued in this court, as bail for a party who was arrested in an action on contract, brought in the New-York common pleas, for money only. The arrest was ordered, on affidavits showing that the defendant, in the original action, had been guilty of a fraud in contracting the debt on which the suit was brought. In that suit, the plaintiff declared only in contract, without noticing in the complaint, the fraud on which the order for arrest was grounded. Judgment was obtained in that suit, execution issued first against the property of the defendant, and next against his person; and then the plaintiff brought suit in this court, against the bail, who were non-residents of the city and county of New-York. The facts of the case are stated in the opinion of the court.

*By the Court*, MITCHELL, J. The original action was in the New-York common pleas. The summons in that action was in form on contract, for money only, and conformed to the first subdivision of § 129 of the code. The affidavit on which the arrest was ordered showed that the defendant had been

---

*execution* must follow the judgment, and be *warranted by it.* That an *order of arrest* before judgment, under § 179 of the code, is in no case a justification, or evidence of a justification, for an arrest on *final execution. On the other hand,* Welles, justice, on an application to him, at chambers, March, 1851, in the case of *Cheney* v. *Garbutt,* (5 *Howard's Pract. Rep.* 467,) refused to set aside an execution against the defendant's person, and *held,* that it was not necessary that the complaint should contain the allegations which authorize the defendant's arrest or imprisonment, in order to issue an execution against his person, where he has been arrested after the service of the complaint, and before judgment, under § 179 of the code of procedure. And Harris, justice, at the Albany special term, December, 1851, in the case of *Masten* v. *Scovill,* (6 *Howard's Pract. Rep.* 315,) denied a motion to set aside an *execution against the defendant's person,* and *held,* that the true criterion for issuing an execution against the person of a defendant after judgment, is this: *could the defendant have been arrested before judgment,* under the provisions of the chapter of the code of procedure, relating to arrest and bail? not whether an order of arrest has been actually obtained before judgment, nor whether the pleadings show a statement of facts upon which he might be arrested. That judge also expressed his dissent to the decisions in *Squire* v. *Flynn,* and *Gridley* v. *McCumber;* and his approval of the views of Welles, justice, in *Cheney* v. *Garbutt,*

guilty of a fraud in *contracting* the debt on which the action was brought, and that the action was brought for the debt so contracted. The plaintiff declared in contract only, not noticing in his complaint the fraud on which the order for arrest was grounded, and obtained judgment, and issued his execution against the property, and then against the person of the defendant; and now, as the bail on the arrest are non-residents of this county, sues them in this court.

The defendants moved, at special term, for a stay of proceeding, and it was granted, and the plaintiff appeals.

This court, in *Secor* v. *Roome*, in June, 1849, decided at special term, that allegations of fraud were irrelevant in the complaint in a similar case, and should be struck out, and the general term, in September, 1849, affirmed that decision, with costs. It is understood that the common pleas in this city hold the same rule; and it has been also adopted in this district in one other case at special term. On the other hand, a county judge has in one case discharged a defendant from a *ca. sa.* where the record of the *judgment* did not show, on its face, a right to arrest.

The 179th section of the code allows an arrest, among other cases, when the defendant has been guilty of a fraud in *contracting the debt* for *which* the *action* is brought; or when the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors. By section 183, the order for arrest may be made at *any time before* judgment; and it is to be made when it appears on *affidavit*, that a sufficient cause of action exists, and that the case is one of those mentioned in section 179.

It certainly would be a great innovation in pleading, to require the pleadings to show that the plaintiff was entitled to arrest the defendant in an action on contract. It was not the practice to do so under the former law when a non-resident could be arrested and taken on a *ca. sa.:* nor under the nonimprisonment act of 1831, when the defendant could only be imprisoned in actions on contract. when something like fraud

Barker v. Russell.

was established. If the fraud were alledged in the complaint, it might well be considered that that was the gist of the action, and then if the plaintiff should fail in satisfying a jury that there was fraud, though a judge might have ordered the arrest, and the defendant never denied before the judge, the frauds alledged on affidavit, the plaintiff must have judgment against him. The summons must show whether the action is on contract or not, (§ 129,) and actions of contract, and actions for injuries to property, though without force, are not to be joined together. (§ 167.) It might well be objected that there was a misjoinder, if the action was on the contract, and at the same time the fraud was put in issue.

So too, (§ 142,) the complaint is to state the facts constituting the cause of action. If the cause of action be the contract, the facts establishing the contract are all that are to be stated ; not the facts which are to determine the extent of the remedy ; especially when, as in this case, the law has directed the latter class of facts to be established by affidavit, to the satisfaction of a judge, and not of the jury ; and that judge, too, might be in another court, as the order of arrest may be granted by a county judge. (§ 180.)

The complaint is to be served within a limited time. But the order of arrest may be granted after issue is joined, and even *after verdict*, the only restriction being that it is to be *before judgment*. (§ 183.) This seems clearly to show that the *pleadings* are not to show the right to arrest ; else, how could it be allowed after issue joined ? Even if the record admitted the fraud, the judge could not grant the arrest unless the fraud was made to appear to him by *affidavit*.

The 179th section also authorizes an arrest, where the defendant has been guilty of fraud *in contracting the debt on which* the action is brought. This shows that the debt contracted may be the sole foundation of the action, and the action be brought on the debt alone, and yet the arrest be allowed, if the defendant was guilty of fraud in contracting that debt.

So too, the 5th subdivision of the 179th. section allows an

arrest without reference to the origin of the action or the form of it, when the defendant is about to remove or dispose of his property, with intent to defraud his creditors. Could it be that the allegation of this intention is to be put in a complaint on contract, or for libel or slander, or any other tort; and that if not stated, the defendant could not be arrested, though he were notoriously removing his property to defraud his creditors? It would require a clear indication of the intention of the legislature, to justify such a construction. To prevent any such opinion, the 181st section shows how this fraud is to be established; viz. by affidavit to the judge; and that section distinguishes between the *cause of action*, and the *case* which authorizes an arrest under § 179; showing that the case which authorizes an arrest, is not part of the cause of action.

It was said there was a variance between the complaint and the affidavit on which the arrest was granted. This is not so in fact; the affidavit shows that the action was on contract.

It was admitted that this court might grant relief to the bail, although the original action was in another court. It may be proper, therefore, to allow the defendants a temporary stay of proceedings, to enable them to surrender their principal. The order below should be modified accordingly. It allows a perpetual stay. This court should make the same order that the court below should have made; it is not proper, therefore, to compel the defendants to make a new motion at special term. The bail are not estopped from this equitable relief, on account of any delay that arose from a mistake of a new law, in a matter in which counsel and judges have differed.

There is a further reason why a perpetual stay should not be granted here. If the bail are right they can set up their defense by way of plea, and the plaintiff can demur to it, and in that way the point could be passed on by the highest court.

Let the order be so modified that proceedings be stayed for 40 days, to allow the defendants to surrender their principal; and let them have 20 days to plead to the complaint in this action; the issue to be of the time when the plea was first due;

and after issue joined, let all proceedings be stayed until the end of said 40 days.

[NEW-YORK GENERAL TERM, June 14, 1851. *Edmonds, Edwards* and *Mitchell,* Justices.]