Moody & Perkins, Appellants, *vs.* Charles L. Stephenson, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

One Joseph McAlpin had been arrested in a civil action, at the suit of Charles L. Stephenson, (Plaintiff below,) and was held to bail upon an undertaking, signed by Joseph Moody and Geo. D. Perkins, (Defendants below,) who became "bound "to the Plaintiff in the sum of $500, that the Defendant Mc- "Alpin, should at all times render himself amenable to the "process of the Court during the pendency of the action, and "to such process as may be issued to enforce the judgment "therein, in case the Plaintiff should recover judgment," &c.

The complaint sets forth this undertaking, and alleges that judgment had been rendered against the Defendant McAlpin, in said former action, and that on the 8th day of March, 1855, an execution had been duly issued against his property, which execution had been returned unsatisfied.

That an order had thereupon been made by the Judge of the District Court, requiring the Defendant McAlpin to appear before said Court, to make discovery on oath concerning his property, and forbidding any transfer, &c.

That the Sheriff made his return on said order, from which it appeared that the Defendant McAlpin, could not be found within his county.

That he did not render himself amenable to the said order, and 'did not appear in Court in pursuance thereof, and asks judgment against the Defendants, the sureties upon the said undertaking, for the amount of the indebtedness against Mc- Alpin.

The Defendants in their answer deny, upon information and belief, the commencement of the action against McAlpin, and deny that McAlpin was duly arrested, but admit the arrest under the order of Court as set forth in the complaint, and that in consideration of his release and discharge from custody, they had executed the undertaking set forth in the complaint.

They deny that judgment was duly rendered against McAlpin, and allege that the judgment mentioned in the complaint was wholly void.

They further deny, upon information and belief, that an order of discovery was issued against McAlpin, or that the Defendant was returned as "not found," by the sheriff of said county, or that such return was endorsed on said order.

But deny that the Defendant McAlpin did not render himself amenable to the order of the Court issued to enforce the said judgment, and allege that he did render himself and was at all times amenable to the order of said Court in accordance with the conditions of the undertaking executed by the Defendants.

Upon motion, the Defendants' answer was stricken out, and judgment ordered in favor of the Plaintiff. The grounds of the motion to strike out will appear from the points of the Counsel for the Respondent.

The points and authorities relied upon by the Appellants are as follows:

*First*—The proceedings in the former suit of the Respondent *vs.* Joseph McAlpin, are a part of the record in this cause, and are made so by the averments of the complaint.

The complaint first alleges that on the 7th day of February, 1855, the Plaintiff below commenced an action against Joseph McAlpin & Co., and placed the summons in the hands of the Sheriff for service, and that it was duly served, &c.

That afterwards, on the 20th day of February, 1855, the Defendant, McAlpin, was duly arrested and held to bail under an order of Court in that action.

That the Defendants below, thereupon executed and delivered to the Plaintiff, the undertaking upon which this action was brought.

The allegation in the answer *denying* that the defendants below have *any knowledge* or *information thereof*, sufficient to form a belief as to the truth of the first allegation in the complaint, forms a good issue, and this form of denial is expressly authorized by Statute. *See R. S. p.* 337, *sec.* 66; 6 *Howard's Pr. Rep. p.* 485; *same* 329; 7 *Ib.* 171.

*Secondly.* If a party in his pleadings alleges matter which is immaterial and issue is taken upon it by the adverse party, *he cannot* object to the pleadings that the matter is immaterial because he has himself tendered the issue. *1st Chitty's Pleadings, p.* 228 ; *Gould's Pleadings, s.* 161, 162, *chap.* 3 ; *same, p.* 186, 187 ; *1st Monell's Pr. p.* 566 ; *2d Ed. Whitaker Pr.* 322 ; 6 *Howard's Pr. Rep. p.* 485, *case of King vs. Utica Insurance Co.*

*Third.* The answer secondly admits that McAlpin, (the defendant in the former suit) was arrested at the time stated in the complaint, but denies upon the information and belief of the defendants, that such arrest was legal or duly made, this denial forms a good issue to a material averment in the complaint, which requires the introduction of record evidence to determine, and which the defendants are entitled upon their answer to have tried. *See R. S. p.* 337, *sec.* 66, *and amendments.*

*Fourth.* The *positive denial* of the Defendants below, contained in their answer, of the allegation in the complaint, that judgment was duly rendered for the Plaintiff against McAlpin, and the allegation of the answer that the judgment (if any) was irregular and wholly void, is not inconsistent in any respect with the other denials contained in the answer, and does not attack the record, but takes the place and simply performs the office of the plea of "*Nul tiel record,*" and is fully authorized by our Statute and system of Pleading. *R. S. p.* 339, *sec.* 77.

*Fifth.* The *denial* by the defendants, *in the answer,* of the allegation in the complaint, that McAlpin did not appear as required by the order of discovery issued against him, and did not render himself amenable to the same, is positive, and *puts in issue* the material and only statement upon which the plaintiffs' recovery of damages in this action is based, which the Defendants below were entitled to have tried upon the evidence as a question of fact.

*Sixth.* The answer is clearly not a sham.

Because the element and character of a sham answer is its apparent falsity, and it cannot be regarded as *frivolous,* inasmuch as it puts in issue every material averment contained in

the complaint, and which the Defendants below were entitled to have tried in the ordinary manner. *See* 1 *Code Reporter*, (*new series*) *p.* 134, 157; *Whitaker Pr.* 2*d Ed. p.* 515; 6 *Howard's Pr. Rep. p.* 485; 7 *Howard's Pr. Rep.* 59 *and* 171; 10 *Howard's Pr. Rep. p.* 455; 12 *Howard's Pr. Rep. p.* 500; 8 *Barbour Sup. C. R. p.* 75; 14 *same* 393.

*Seventh.* The Order for Judgment and the Judgment rendered below were both erroneous.

Also, because the complaint does not contain or show any facts sufficient to constitute a cause of action against the Defendants below. Inasmuch as it does not state the amount of the judgment, or that a judgment for any sum was actually recovered against McAlpin, the principal, nor what sum was demanded in the complaint, in that suit, or for what amount execution was issued, or that the judgment recovered had not been reversed or paid and satisfied before the commencement of this action, or any other facts upon which the Defendants below were liable to the Plaintiff.

*Eighth.* The legality and validity of the order and judgment in the former suit against McAlpin, as stated in the complaint having been put in issue by the denials in the answer, the Defendants were entitled of right to have the issue tried, as upon the plea of "*Nul tiel record*," and might show by the production of the record or other competent evidence upon the trial that no such valid order or judgment existed, and thereby discharge themselves from liability upon the undertaking. *See* 3 *Johnson's Rep. p.* 466; 2*d Wendell Rep.* 246; 2 *Mass. Rep. p.* 481; 13 *Mass. Rep. p.* 92.

The following are the points and authorities relied upon by the Respondent:

The Court below was correct in ordering judgment for the Plaintiff below, notwithstanding the answer of the Defendants below, because said answer contained no sufficient defence and was, therefore, frivolous, in that,

*First.* The denial in said answer of "any knowledge or information thereof, sufficient to form a belief," as to the commencement of the action in which the Defendants below became bail, is a traverse of mere matter of inducement, and ten-

der an immaterial issue; which is not and never was admissible in a pleading. *Stephens on Pleading* 241-2-3; *Van Santvoord's Pleading,* 243-4; 2 *English* 123, *cited in U.S. Dig. for* 1849, *page* 362; 3 *How. Pr.* 410; and in that

*Second.* The Defendants below having in their answer admitted the execution and delivery by them as bail of the undertaking mentioned and set forth in the complaint, which undertaking admits the arrest of their principal, Joseph McAlpin, one of the Defendants in the civil action in which said undertaking was given, by virtue of an order issued by Hon. Moses Sherburne, Judge of the Court in which said action was brought, and that said undertaking was executed and delivered in consideration of the release and discharge from said arrest of the said Joseph McAlpin, were estopped from denying the legality of said arrest. 1 *C. R. N. S.* 106; *Ib.* 206; *Whittaker's Practice,* 2d ed. 1 vol. 234; 7 *How. Pr.* 37; (*S. C.* 12 *Barb.* 612 ;) 8 *Wend.* 481-2; *Id. Raymond,* 1535; 6 *How. Pr.* 86; (*S. C.* 1 *C. R. N. S.* 406 ;) 24 *Wend.* 175; 9 *Wend.* 462; 19 *Wend.* 122; 1 *C. R. N. S.* 57; (*S. C.* 11 *Barb.* 303 ;) 3 *Rich.* 14; (*cited in U. S. Dig. for* 1847, *page* 75;) 3 *Pick.* 80; 1 *Cush.* 388; 13 *How. U. S. Rep.* 212; and in that

*Third.* The Defendants below, as bail in the original action, were estopped to deny the validity of the judgment therein, having admitted its rendition *de facto.* 26 *Me.* 411, 423; 15 *Me.* 73, 78; 22 *Me.* 128, 130; 13 *How. U. S. Rep.* 212, *and cases cited ante to last point;* and in that

*Fourth.* The denial in said answer of knowledge or information sufficient to form a belief as to the issuing, and return by the Sheriff of the order of discovery mentioned and set forth in the complaint of the Plaintiff below, which were matters of record, and therefore presumptively within their knowledge, or means of knowledge, was frivolous, and therefore not admissible in an answer, and proper to be struck out on motion. 1 *C. R. N. S.* 204; 1 *C. R. N. S.* 225; 4 *Sandf. Sup. Court* 708; and in that

*Fifth.* The denial in said answer of the Defendants below, of the allegation of the complaint, that the then principal, Joseph McAlpin, did not render himself amenable to the order of Court issued to enforce the judgment mentioned in said

complaint, is contradicted by the Sheriff's return, set forth in said complaint, which must be deemed *conclusive.*  7 *Wend.* 352 ; 1 *Caines* 588 ; 2 *Hill* 336 ; 4 *Day* 1 ; 1 *Verm.* 76; 7 *Mo.* 345 ; 21 *Me.* 34; 11 *Me.* 493 ; 6 *Me.* 350 ; 4 *Mass.* 478 ; 6 *Mass.* 494-5 ; 10 *Mass.* 313 ; *Ib.* 591-601 ; 15 *Mass.* 230 ; and in that,

*Sixth.*   The allegation in said answer, " that as they are in-" formed, and verily believe, he (Joseph McAlpin aforesaid,) " did render himself, and was at all times amenable to the order " of the Court herein," directly contradicts the previous de-- nial on the part of said Defendants in said answer, of " any knowledge or information sufficient to form a belief," as to the issuing of such order ; and in that,

*Seventh.*   Said answer being thus shown to present no good issue nor valid defence, was clearly frivolous and that, therefore, the Court below correctly ordered judgment for the plaintiff, on his motion duly noticed and made, notwithstanding said answer.  1 *C. R.* 38 ; 15 *Missouri* 628; 1 *C. R.* 72 ; 1 *C. R.* 84 ; 1 *C. R.* 68, (*S. C. 3 How. Pr.* 289 ;) 2 *N. J.* 99 ; 2 *English* 123.

AMES & VAN ETTEN, Counsel for Appellants.

GEO. A. NOURSE, Esq., Counsel for Respondent.

[The judgment of the District Court was reversed, but no opinion is found on file.]